GRINNELL BROS. *v.* ASIULIEWICZ.

1. APPEAL AND ERROR—APPELLANTS FAILING TO SETTLE CASE MAY BE HEARD ON FACTS STATED IN BILL AND DECREE.

   Where, in a suit to enjoin interference with quiet enjoyment under a lease, defendants appealed, but failed to settle a case for review, they are entitled, on appeal, to a hearing on the question as to whether, upon the facts alleged in plaintiff's bill and stated in the decree, which they admit are to be taken as true, the decree in favor of plaintiff is contrary to law, although there is no record before the Supreme Court containing the evidence in the circuit.

2. LANDLORD AND TENANT—RIGHT OF TENANT TO BENEFICIAL ENJOYMENT.

   There goes with every rental of premises the right of beneficial enjoyment by the tenant for the purpose for which the premises are rented, at least to the extent disclosed to the lessor at the making of the lease.

3. INJUNCTION—LANDLORD AND TENANT—BREACH OF COVENANT OF BENEFICIAL ENJOYMENT.

   Where plaintiff leased space in a furniture store for use as a music store, and thereafter defendants discontinued the furniture business and leased the space so used for the use of a grocery and meat market, plaintiff is entitled to enjoin such use as a breach of covenant of beneficial enjoyment.

Appeal from Wayne; Perkins (Willis B.), J., presiding. Submitted October 18, 1927. (Docket No. 61.) Decided December 1, 1927. Rehearing denied January 19, 1928.

Bill by Grinnell Brothers against Anthony Asiuliewicz and others to enjoin an interference with quiet enjoyment under a lease. From a decree for plaintiff, defendants appeal. Affirmed.

[1]Appeal and Error, 4 C. J. §§ 1786, 2677 (Anno); [2]Landlord and Tenant, 36 C. J. § 729 (Anno); [3]Injunctions, 32 C. J. § 317; Landlord and Tenant, 36 C. J. § 690.

*William L. January* and *Arthur J. Adams,* for plaintiff.

*Joseph B. Beckenstein,* for defendants.

WIEST, J.    Defendants Asiuliewicz owned a building, on Michigan avenue in the city of Detroit, in which they conducted a high-grade furniture store. In July, 1922, they leased certain space in the store to plaintiff corporation for the term of ten years, "to be used and occupied for general sales-room purposes, and for the exhibition and sale of musical instruments and the wares and merchandise of a general music business." Plaintiff, at considerable expense, fitted the rented space to meet the requirements of a music store and established such business. The space rented was not separated by partition from that retained by the lessors as a furniture store. In the spring of 1926, defendants Asiuliewicz discontinued their furniture business, vacated such space, and, in June, 1926, leased the space in the store formerly occupied by them to defendants Simon and Krasmann, to be used for a meat market and grocery store. This resulted in a meat market, grocery, and music store all in one room. Plaintiff filed the bill herein to enjoin such use of the former furniture space and obtained a decree to that effect. Defendants appealed, but failed to settle a case for review in this court. Plaintiff, by motion, asks for dismissal of the appeal for want of a record containing the evidence in the circuit. Defendants claim right to a hearing upon the facts alleged in plaintiff's bill and stated in the decree, admit such are to be taken as true, but claim that, under such facts, the decree is contrary to law. We think defendants may be so heard.

On this appeal we must take as true all competent facts alleged in plaintiff's bill. The lease required

the lessors to adequately heat the premises, inclusive of the space hired.    A meat market requires less heat than a music store and the bill alleges that the heating has been adjusted to the accommodation of the meat market and to the detriment of plaintiff's use. The bill alleges that a meat market, grocery, and music store are so incompatible in the same room as to make it impractical to conduct the businesses side by side on the same open floor.    The bill sets up reasons why this is so.    We need not detail specific reasons alleged, as they will readily occur to any one familiar with the appliances installed, stock in trade handled, and methods and means employed in conducting a butcher's shop.

We have found no case on all fours with the one at bar, and do not need to find one to determine what the law is; cases rest upon law and not law upon cases.    The case nearest in point is *Hannan* v. *Harper*, 189 Wis. 588 (208 N. W. 255, 45 A. L. R. 1119).    In that case it was held that the leasing of an upper apartment of a two-family flat for the use of a college fraternity was a breach of the covenant of quiet enjoyment in the lease of the lower flat for residential purposes, and such use was enjoined.

It is admitted that a meat market and grocery in the same room with a music store is incompatible. Compatibility of the businesses to be carried on in the store by the lessors and lessee was recognized at the making of the lease and was a governing reason therefor.    There goes with every rental of premises the right of beneficial enjoyment by the tenant for the purpose for which the premises are rented, at least to the extent disclosed to the lessor at the making of the lease.    Such enjoyment the landlord may not destroy or seriously interfere with in use by himself or permitted use by others of any part of the premises occupied in conjunction therewith.    This case does not

rest upon the law of eviction, actual or constructive, but upon the right of plaintiff to have beneficial enjoy- ment of the premises leased.    Plaintiff was not bound to vacate the premises and seek damages, but had a right to ask the court of equity to protect it from acts committed by those who were bound to respect its rights.    But, it is said, plaintiff may, under the lease, turn its part of the store to some other com- mercial purpose.    We think the terms of the lease forbid.    Suppose that plaintiff, while the furniture store was in operation, had used its part of the store for a butcher's shop, then the shoe would only be on the other foot.    Plaintiff has a right to use its part of the room for the purpose for which it was  rented, and the claim that it should adjust its use to a purpose compatible with a meat market and grocery is a confession that defendants have rendered it unsuited for a music store and a request that plaintiff conform in its use to some business a meat market will not interfere with.

In the brief for defendants it is said:

"It is the plaintiff's claim that the grocery and meat market business has greatly shocked its artistic and esthetic sensibilities.    The plaintiff is profoundly af- fected by the profane and sacrilegious existence of a humble meat market near the hallowed shrine of music —it jars upon its sense of the fitness of things.

"The defendants deeply regret the necessity of wounding such sensitive and finely attuned natures as characterize the plaintiff, but feel that they cannot, in justice to themselves, forego their rights in this matter."

If the grocery and meat market remain plaintiff may as well move out.    Plaintiff's enjoyment of the premises has been materially lessened, but defendants seem to think that, because there is no nuisance, they have not interfered with plaintiff's beneficial en- joyment.    Premises are rented for beneficial enjoy-

ment thereof, and, in this instance, the enjoyment consisted in having a suitable place to carry on a music store.   No one would combine, as a business proposition, a meat market, grocery, and music store.   One would not think of going to a butcher's shop to obtain a musical instrument, except under the fallacy of making a whistle of a pig's tail.

Plaintiff deals in musical instruments, inclusive of Victrolas and records, and it is well known that purchasers desire a demonstration.   A selection from Chopin, on a Victrola, played to the accompaniment of a cleaver cracking bones on a butcher's block, might not detract from the sale of meat but would seriously interfere with the music business.   No music dealer, with sense, would expect to be able to carry on his business in a butcher's shop.   The carcass of a hog, hung by the heels, with opened body and bloody snout, may not look out of place in a butcher's shop, but wholly out of place and repulsive in the same room with a music store.

Defendants contend that plaintiff is not entitled to have the furniture business continued during the term of the lease.   That is very true, and the space formerly used for the sale of furniture may be let for any purpose not destructive of plaintiff's rights.   That the business of a meat market and grocery is lawful does not meet defendants' responsibility for the presence and maintenance thereof at the place in question.   The operation of the meat market and grocery materially interfered with plaintiff's use of the premises and defendants have no right to so alter conditions as to render the space occupied by plaintiff unfit for the purposes to which they were applied under express terms of the lease.   The acts here complained of are not those of a stranger, and for which the landlord should not be held responsible, but are the acts of the landlord, actively furthered by defendants Simon and

Krasmann, who knew that their use of the premises for a meat market and grocery would be destructive of the rights of plaintiff.

We have made no mention of the defendant Augusta Smuczynska.   While the lease to plaintiff was given by defendants Asiuliewicz, the rent was reserved to defendant Smuczynska.

The decree in the circuit is affirmed, with costs to plaintiff, and the case remanded to assess the damages of plaintiff.   The assessment will be against the lessors of plaintiff.

SHARPE, C. J., and FLANNIGAN, FELLOWS, CLARK, and McDONALD, JJ., concurred.   BIRD, J., concurred in the result.

The late Justice SNOW took no part in this decision.