WARNER D. SHAW v. SARAH L. HILL.

*Ejectment—Prior possession—Intruder—Judgment—Landlord and tenant—Surrender of premises.*

1. A plaintiff having no title whatever to land, into the possession of which he entered in good faith, under a claim of title which proved valueless, can maintain ejectment against a person who has obtained possession through an ágreement with plaintiff's tenant at will, said person showing no right, title, or interest in the land, except a claim, merely asserted, but not proved, of being the original owner of the land. *Bertram v. Cook,* 32 Mich. 521; *Cook v. Bertram,* 37 Id. 125; *Bertram v. Cook,* 44 Id. 397; *Morse v. Byam,* 55 Id. 594; *Fuller v. Sweet,* 30 Id. 241.

2. The law is well settled that the possession of land is sufficient to authorize a recovery in an action of ejectment against a more intruder; and, in the absence of proof of a paper title on either side, the presumption of title is in favor of the first possessor. *Davis v. Easley,* 13 Ill. 192; *Brooks v. Bruyn,* 18 Id. 541; *Hubbard v. Little,* 9 Cush. 475; *Jones v. Easley,* 53

Ga. 454; *Christy v. Scott*, 14 How. 282; *Burt v. Panjaud*, 99 U. S. 180; *Whitney v. Wright*, 15 Wend. 171; *Thompson v. Burhans*, 79 N. Y. 93; *Kinney v. Harrett*, 46 Mich. 87.

3. The presumption arising from proof of prior possession of a party, in an action of ejectment against a mere intruder, is that such party was seised in fee, and is *prima facie* evidence of such fact.

4. Rent may be reserved in services as well as in money, and in a tenancy at will must be such as accrues from day to day.
   So *held*, where a party was let into possession of land under an agreement to keep off trespassers for its use, which he did, and thereby incurred some litigation, and it is held that a tenancy at will was thereby created.

5. If a tenant at will vacates the premises, which he may do at any time, it will be treated as a surrender to the landlord; or, if he abandons them, it will be presumed that he abandoned the possession to the landlord. *Warner v. Page*, 4 Vt. 291.

6. A tenant at will cannot surrender his possession to strangers so as to give them any greater rights than he possesses, nor do anything to impair his landlord's right to the possession of the premises.

Error to Berrien. (O'Hara, J.) Argued November 12, 1889. Decided December 28, 1889.

Ejectment. Defendant brings error. Reversed. The facts are stated in the opinion.

*Jacob J. Van Riper* (*Clapp & Bridgman,* of counsel), for appellant.

*E. Bacon* and *O. W. Coolidge,* for plaintiff.

CHAMPLIN, J. The plaintiff brought ejectment, claiming title in fee to the E. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$, and the W. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$, of section 8, in township 7 south, range 19 west. The plea was the general issue.

Upon the trial the plaintiff introduced in evidence a deed from the Auditor General of the State of Michigan, dated January 3, 1855, to Pitt J. Pierce, for the delinquent taxes of the year 1852; also, a deed from Pitt J.

Pierce and wife to Warner Shaw, the plaintiff in this suit, dated May 15, 1855. Both deeds were recorded, and purported to convey the premises in this suit.

After his purchase from Pierce, Shaw arranged with one Streeter to go into possession of the premises under an arrangement by which Streeter was to make such improvements as he saw fit; and, whenever he desired to leave, Shaw was to pay him for such improvements. He was also to hold possession for Shaw, and keep off trespassers, and work the road tax. Streeter thereupon, in 1867, went upon the premises, built a house, cleared and fenced from 15 to 25 acres, and raised crops thereon. In 1871 or 1872 he told Shaw that he desired to leave, and wanted him to pay him $650 for his improvements. Shaw thought he asked too much, and did not pay. Streeter informed him he could sell his improvements to other parties for that sum. Defendant, claiming to be the owner of the original title from the government, through her husband, as her agent, purchased the improvements made by Streeter, and he removed from the premises; and defendant immediately entered, and has since been in possession thereof.

Upon the trial in the court below the court held that the plaintiff's tax title was void, and that he was not entitled to recover the fee of the land. The plaintiff showed no other title, or any interest in the land, but claimed that he had a right to recover because he went into possession under a claim of title, and had for several years had peaceable possession in the manner above stated. The circuit judge instructed the jury upon that theory, and they returned a verdict that plaintiff was entitled to the possession of the land and premises sued for, but was not the owner thereof in fee.

In this Court it is claimed by counsel for plaintiff that Streeter was holding possession under a parol license

which Shaw could terminate at any time, and that his claim to be paid for his improvements was a personal one between himself and Mr. Shaw, and could not be sold or transferred to any third person; that Streeter, by leaving the land, terminated the license, and gave to Shaw the right of possession. It is not claimed here that the relation of landlord and tenant existed between Shaw and Streeter. A naked permission by parol was given by Shaw to Streeter, to go upon the land, make such improvements as he chose, receive the rents and profits, and apply them to his own use; and, whenever he desired to leave, Shaw was to pay him for his improvements. The court below submitted the facts to the jury, to find whether the relation of landlord and tenant existed between Shaw and Streeter; and he told the jury that Streeter testified that he was a tenant of Shaw. To this last statement exception is taken, and a careful reading of Streeter's testimony, as returned in the record, fails to disclose such testimony. But he did state what was equivalent. He says that he was to keep off trespassers, and that he did do so, and, in doing it, incurred some litigation. Rent may be reserved in services as well as in money; and if Streeter agreed to render such services, for the use of the land, he occupied the position of tenant at will to Mr. Shaw. In a tenancy at will, rent in some manner must be reserved, and must be such as accrues from day to day; and such was the case here. If a tenant at will vacates the premises, which he may do at any time, it will be treated as a surrender to the landlord; or, if he abandons them, it will be presumed that he abandoned the possession to his landlord. *Warner v. Page*, 4 Vt. 291. It follows that he could not surrender his possession to strangers so as to give them any greater rights than he possessed, nor do anything to

impair his landlord's right to the possession of the premises.

It appears from the testimony, about which there was no dispute, that after he had sold his improvements to Mrs. Hill he was permitted to occupy the premises several months. Under the téstimony it is useless to deny that he let Mrs. Hill into possession. The question, therefore, is whether the plaintiff, having no title whatever to the land, but entering into possession in good faith, under a claim of title which proved valueless, can maintain eject-ment against a person who has obtained possession through an agreement with his tenant, and who shows no right, title, or interest in the land, except a claim, merely asserted, but not proved, of being the original owner of the land. It has frequently been held by this Court that he can. *Bertram v. Cook,* 32 Mich. 521; *Cook v. Bertram,* 37 Id. 125; *Bertram v. Cook,* 44 Id. 397 (6 N. W. Rep. 868); *Morse v. Byam,* 55 Id. 594 (22 N. W. Rep. 54); *Fuller v. Sweet,* 30 Id. 241.

Had the defendant proved title in herself to the land, the suit could not have been maintained, for reasons explained in *Jochen v. Tibbells,* 50 Mich. 33 (14 N. W. Rep. 690). In that case it was said that—

"Where the landlord seeks to recover the possession he can do so under the lease; but if he goes further, and claims the premises in fee, the tenant is not estopped from denying any right claimed by the plaintiff further or greater than that of possession."

There is, however, a defect in the verdict of the jury which will necessitate a reversal and new trial. The action of ejectment in this State is governed by the pro-visions of the statute relating to the action. Section 7790, How. Stat., provides that—

"No person can recover in ejectment unless he has, at the time of commencing the action, a valid, subsisting

interest in the premises claimed, and a right to recover the possession thereof, or of some share, interest, or portion thereof, to be proved and established at the trial.''

It is evident that the "valid, subsisting interest in the premises claimed" is something different from a right to recover possession of the premises, for the statute requires that each shall co-exist. The right of possession alone will not sustain the action. It was urged upon the argument that, the plaintiff's deed having been held to be void by the circuit judge, he could not maintain this action, based upon his naked possession, because he had no valid, subsisting interest in the premises. The law is well settled that the possession of land is sufficient to authorize a recovery in an action of ejectment against a mere intruder; and, in the absence of proof of a paper title on either side, the presumption of title is in favor of the first possessor. *Davis v. Easley,* 13 Ill. 192; *Brooks v. Bruyn,* 18 Id. 541; *Hubbard v. Little,* 9 Cush. 475; *Jones v. Easley,* 53 Ga. 454; *Christy v. Scott,* 14 How. 282; *Burt v. Panjaud,* 99 U. S. 180; *Whitney v. Wright,* 15 Wend. 171; *Thompson v. Burhans,* 79 N. Y. 93; *Kinney v. Harrett,* 46 Mich. 87 (8 N. W. Rep. 708). The authorities might be greatly extended, but it is unnecessary.

The presumption arising from proof of prior possession of a party, in an action of ejectment against a mere intruder, is that the party having such prior possession was seised in fee, and is *prima facie* evidence of such fact. Cole, Ej. 212, 213; Malone, Real Prop. Tr. 98; 2 Greenl. Ev. § 311. Actual possession of real estate, under a claim of ownership, is an element of title; and, if continued a sufficient length of time, openly, adversely, and continuously, will ripen into a complete legal title.

In view of the above well-recognized principles, I do not think it was the intention of the Legislature to

deprive a party who has been ousted from possession by a mere intruder from maintaining his action of ejectment. As against such a person, the party first in possession, claiming title, has a valid, subsisting interest, amounting to a *prima facie* title in fee.    *Bates v. Campbell*, 26 Wis. 613.    The presumption may be rebutted, but the burthen of proof is upon the defendant.    *Davis v. Easley*, 13 Ill. 192; *Yates v. Yates*, 76 N. C. 142.

Section 7815, subd. 7, How. Stat., enacts:

"The verdict shall also specify the estate or right which shall have been established on the trial by the plaintiff in whose favor it shall be rendered, whether such estate be in fee, or for his own life, or for the life of another, stating such lives, or whether it be a term for years or otherwise, and specifying the duration of such term."

The verdict of the jury as recorded in the court below was as follows:

"In this cause the jury heretofore chosen and sworn sat together, and heard the arguments of counsel, and the charge of the court, retired from the bar under the charge of Joseph Tennant, an officer of court duly sworn for that purpose, to consider of their verdict to be given, and, after being absent for a time, return into court, and say, upon their oaths, that the said Sarah Hill is guilty of unlawfully withholding from the said Warner D. Shaw the premises described as the east half of the south-west quarter of section eight (8), town seven (7) south, of range nineteen (19) west, also the west half of the north-east quarter of section eight, town seven south, of range nineteen west, Berrien county, Michigan; and that the said Warner D. Shaw is not well entitled to hold the same in fee, as the said Warner D. Shaw hath, in his declaration in this cause, complained against her, the said Sarah Hill; and they assess the damages of the said Warner D. Shaw, by reason of the matters aforesaid, at six cents."

This verdict does not comply with the statute, in form or substance. It does not specify the estate or right

which the plaintiff established on the trial. It did not follow that because the tax title under which plaintiff entered was found by the court to be void, and of itself did not establish a title in fee-simple in the plaintiff, the undisputed testimony as to his entry under claim of title and possession for several years did not establish a *prima facie* title in fee, as against the defendant, if the jury should find that she went into possession by fraud or artifice, and agreement with Streeter that he should yield possession to her, she having made no proof of any right or title to the premises in herself.

The verdict was not authorized by the statute, and the judgment entered thereon cannot be sustained. It is therefore reversed, and a new trial ordered.

. The other Justices concurred.