GOULD v. HARLEY.

1. LANDLORD AND TENANT—LEASES—CONSTRUCTION—RENEWALS.

A lease of land for a term of 10 years, "with the privilege of renewing said lease at ·the pleasure of said second parties," construed, and *held*, to be satisfied with one renewal only.

2. SAME—PERPETUAL RENEWALS NOT FAVORED.

Courts will not construe a lease as conferring a right to perpetual renewals unless the lease clearly so provides; such renewals not being looked upon with favor.

Appeal from Van Buren; Des Voignes (L. Burget), J. Submitted June 21, 1921. (Docket No. 52.) Decided July 19, 1921.

Bill by O. A. Gould, executor of the estate of Polly

Shearer, deceased, against T. Harley and another for the construction of a lease. From a decree dismissing the bill, plaintiff appeals. Reversed, and decree entered for plaintiff.

*Thomas J. Cavanaugh,* for plaintiff.

*Hendryx & Mosier,* for defendants.

STONE, J. The bill of complaint herein was filed to obtain the construction of a certain lease, and praying for its discharge from record. On January 12, 1898, Polly Shearer (now deceased) leased to the defendants certain land on Sister Lakes, Van Buren county, by a written lease duly signed, witnessed and acknowledged. This lease was duly recorded in the office of the register of deeds for said county. The lease, among other things, contained the following provision:

"The said party of the first part, in consideration of the rents and covenants herein specified, does hereby let and lease to the said parties of the second part the following described premises situated and being in the township of Keeler, county of Van Buren and State of Michigan, to-wit: The said Mrs. Shearer owns about six acres of land described in a certain deed recorded in the register's office in and for Van Buren county, Michigan, in liber 53 of deeds, on page 172. And she hereby leases to said second parties the southeast corner of said land, a piece of land eight rods front on Crooked lake, and four rods deep. Said second parties are to build a house on said land, and when they abandon or give up this lease the said house shall belong to the owner of the land; for the term of ten years from and after the 12th day of January, 1898, on the terms and conditions hereinafter mentioned, to be occupied for a residence, with the privilege of renewing said lease at the pleasure of said second parties."

It also contained the following clause:

"And the said parties of the second part do hereby hire the said premises for the term of ten years as above mentioned, and do covenant and promise to pay to the said party of the first part, her representatives and assigns for rent of said premises for said term the sum of one hundred dollars. That is ten dollars for each and every year, 'to be paid in advance of one year."

Further:

"And the said party of the first part does covenant that the said parties of the second part on paying the aforesaid installments, and performing all the covenants aforesaid, shall and may peacefully and quietly have, hold and enjoy the said demised premises for the term aforesaid. The covenants, conditions and agreements made and entered into by the several parties hereto, are declared binding on their respective heirs, representatives and assigns."

It appears that under this lease the defendants went into possession, and built a log cabin thereon. In about three years defendant Harley sold his interest to defendant Baragwaneth. At the end of 10 years the lease was renewed or continued for 10 years more. At the end of this renewal or continuance, Mrs. Shearer notified defendant Baragwaneth that the lease had terminated; that the lessees had had it for their full time; and said defendant, in turn, notified Mrs. Shearer that he elected to renew it for another 10 years and tendered $10, being the year's rental.

Thereupon Mrs. Shearer filed this bill, requesting the court to construe the lease, and to find and hold that it was a lease for 10 years with a right and privilege, or option, to the lessees to renew for one term of 10 years, only, and praying that the same be discharged from the record.

Upon the hearing the court filed a written opinion,

concluding that the lease was a "permanent lease," and said:

"Under this lease plaintiff has no right to terminate it, so long as defendant is not in arrears for rent and does not abandon the property,"

—and the bill was dismissed with costs to the defendants. The plaintiff has appealed. We infer from the record that after the hearing below Mrs. Shearer died testate. Her executor appears in this court as plaintiff.

From an examination of the testimony and the opinion of the learned circuit judge, it appears that the case was defended upon the theory that a forfeiture of the lease was involved. It was, and is, the plaintiff's theory that no question of forfeiture is involved, and that the rights of the parties depend upon a construction of the lease, and in this claim of the plaintiff we agree. There was a covenant on the part of the defendants to build a house on the land, which should belong to the lessor when the lease was terminated. The building of the house and the agreement that it should remain and belong to the lessor constituted a part of the consideration for the lease.

Construed in the light of the other provisions of the lease, what does the language: "with the privilege of renewing said lease at the pleasure of said second parties," mean? Does it mean that the lessees may renew the lease every 10 years *ad infinitum?* We think not. What was to be renewed? Manifestly, the term of 10 years, at the pleasure or option of the second party. An option is defined in 29 Cyc. at page 1502, as a wish, power, or right of election, a choice.

The provision for renewal is in general terms, and is satisfied with one renewal. It is the recognized rule that where the provision for renewal is in general terms the lessee is only entitled to one renewal.

We quote the following from 16 R. C. L. pp. 888, 889:

"As a general rule, however, the courts will not construe a lease as conferring a right to perpetual renewals unless the lease clearly so provides, the courts not looking with favor upon such a claim. * * * It is the universally recognized rule that where the provision is in general terms for a renewal, the lessee is only entitled to a single renewal, and it is held that a provision that the renewal lease shall contain similar covenants, terms, etc., as contained in the original lease, does not require the insertion in the renewal lease of the covenant to renew; otherwise a perpetuity is provided for, and in such a case even an agreement for a second renewal will not be inferred and the lessee is entitled to one renewal only,"

—and the following cases are cited: *Winslow* v. *Railroad Co.*, 188 U. S. 646 (23 Sup. Ct. 443); *Drake* v. *Board of Education*, 208 Mo. 540 (106 S. W. 650, 123 Am. St. Rep. 448, 14 L. R. A. [N. S.] 829, 13 Ann. Cas. 1002); *Burns* v. *City of New York*, 213 N. Y. 516 (108 N. E. 77, Ann. Cas. 1916C, 1093, 1096).

It may be said to be a general rule that courts will not construe a lease as conferring a right to perpetual renewals, unless the lease clearly so provides. Such renewals are not looked upon with favor. *Brush* v. *Beecher*, 110 Mich. 597; *Abeel* v. *Radcliff*, 13 Johns. (N. Y.) 297; *Stender* v. *Kerreos*, 156 Mich. 499, 508. The following authorities bear upon this subject: *U. S. Brewing Co.* v. *Wolf*, 181 Ill. App. 509; *Feigenspan* v. *Popowoska*, 75 N. J. Eq. 342 (72 Atl. 1003); 1 Taylor on Landlord and Tenant (8th Ed.), §§ 333, 334; Jones on Landlord and Tenant, § 342; 18 Am. & Eng. Enc. Law (2d Ed.), p. 687; *Buckland* v. *Tarble* (Vt.), 112 Atl. 217.

We are of the opinion that the clear weight of authority sustains the claim of the plaintiff that defendants were entitled to one renewal of the lease

only; that the language of the lease is not ambiguous, and means the right of renewal at the end of the first term only. The defendants having had one renewal, the plaintiff is entitled to a decree in accordance with the prayer of the bill of complaint.

The decree of the court below will be reversed, and one entered here in accordance with this opinion, with costs to the plaintiff.

STEERE, C. J., and MOORE, WIEST, FELLOWS, CLARK, BIRD, and SHARPE, JJ., concurred.