MILNER *v.* KENGEL.

SPECIFIC PERFORMANCE—LEASES—LANDLORD AND TENANT.

    In a suit by the lessee for the specific performance of an agreement to repair leased premises and to execute a new lease after the existing one had expired, where it appears that no new lease was executed, but lessee has occupied the premises beyond the time to which he would have been entitled to possession had performance been had, a decree dismissing the bill was justified.

Appeal from Wayne; Dingeman (Harry J.), J. Submitted January 5, 1928. (Docket No. 84.) Decided February 14, 1928.

Landlord and Tenant, 35 C. J. § 141.

Bill by Earl R. Milner against John A. Kengel and another for specific performance of a contract for renewal of a lease. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Howard F. Cline,* for plaintiff.

*Groesbeck, Sempliner, Kelly & Baillie (Hugh Francis,* of counsel), for defendants.

SHARPE, J. On October 1, 1914, Joseph Kengel executed a written lease of the second and third floors of certain premises owned by him on Library avenue in the city of Detroit to Robert L. Barnard for the term of three years and six months, to be used for hotel purposes only. Before the expiration of this time, the following written instrument was signed:

"Detroit, January 27, 1917.
"To Robert L. Barnard or His Successor:
"After the lease expires of rooms No. 56-58 Library avenue, I will repair building after repairing is done will give a new lease from three to six years at reasonable rent to suit both parties.
"JOS. KENGEL.
"The undersigned hereby certifies that the signature attached to the above agreement is the signature of Jos. Kengel.
"(Reverse Side.)

"February 1, 1917.
"I hereby certify that the original lease was to commence February 1, 1917, 1 year and two months at $120.00 per month from April 1, 1918, to April 1, 1921—$150.00 per month and from April 1, 1921, to April 1, 1923—$200.00 per month but on account of the new addition to be made at the expiration of this present lease, Mr. Kengel thought it best not to give a lease until the repairs were made.
"R. L. BARNARD."

The plaintiff was then negotiating with Barnard for the purchase of his lease and equipment. This deal was consummated on February 1, 1917, with the con-

sent of Mr. Kengel.    Plaintiff has been in possession since that time.    He now occupies under what he claims "is a year to year oral extension of the original written lease."    Joseph Kengel died in 1925, and the rent was thereafter paid to the defendants as successors to his title.

On February 23, 1927, the defendants served a notice to quit and demand of possession of the premises on the plaintiff.    Proceedings to recover possession were afterwards taken, but were enjoined by the circuit court, in chancery.    On April 14, 1927, plaintiff filed his bill of complaint herein, praying for specific performance of the instrument above quoted.

The time limit of the lease from Joseph Kengel to Barnard, assigned to plaintiff, expired on April 1, 1918.    Conceding, but not deciding, that the writing executed on January 27, 1917, was enforceable as an agreement to repair and to execute a new lease after that then existing had expired, the limit of time fixed during which the new lease would have run was six years, and expired on April 1, 1924.    Plaintiff's right to enforcement thereof could not extend beyond the time to which he would have been entitled to possession had performance been had.    Somewhat similar questions were discussed in *Gould* v. *Harley*, 215 Mich. 234, and in *Meadow Heights Country Club* v. *Hinckley*, 229 Mich. 291, wherein options to purchase were considered.

The decree dismissing the bill is affirmed, with costs to appellees.

· North, Fellows, Wiest, Clark, and McDonald, JJ., concurred.

Chief Justice Flannigan and the late Justice Bird took no part in this decision.