ROYAL OAK WHOLESALE COMPANY *v.* FORD.

1. WORDS AND PHRASES—LEASE.

A lease is a conveyance by the owner of an estate to another of a portion of his interest for a term less than his own, for a valuable consideration, granting thereby to the lessee the possession, use, and enjoyment of the portion conveyed during the period stipulated.

2. LANDLORD AND TENANT—COVENANT OF QUIET ENJOYMENT.

The right of beneficial enjoyment by the tenant for the purposes, disclosed to the landlord, for which the premises are rented is a right which the landlord may not destroy or seriously interfere with in use by himself or by permitted use by others of any part of the premises occupied in conjunction therewith.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  32 Am Jur, Landlord and Tenant §§ 2, 3.
[2]  32 Am Jur, Landlord and Tenant § 273.
[3]  32 Am Jur, Landlord and Tenant § 304.
[4]  32 Am Jur, Landlord and Tenant §§ 161, 162.
[5]  17 Am Jur, Dismissal, Discontinuance and Nonsuit § 103.
[6]  20 Am Jur 2d, Costs § 10.

3. SAME—BREACH OF LEASE.

Landlord who gave an option on part of premises including part of a spur track before selling to plaintiff another part of the premises together with a 20-year lease of use of the spur track on the entire premises breached the lease regardless of whether plaintiff had even constructive notice of the recorded option which was exercised by the optionee.

4. SAME—MEASURE OF DAMAGES FOR BREACH.

The measure of damages for breach of lease of spur track located on premises sold by defendant landlord to another is the difference in the fair value of the property with and without the spur, where plaintiff had had the use of the spur track for almost 40 years and had sought to insure its continued use in connection with its business for another 20 years.

5. JUDGMENT—RES JUDICATA—DISMISSAL OF FORMER ACTION WITHOUT PREJUDICE.

Issues not raised in former action were not *res judicata* in instant action and if they had been raised were preserved by dismissal without prejudice.

6. COSTS—DISCRETION OF COURT—BREACH OF LEASE.

The grant or denial of costs in an action for breach of a lease is discretionary, hence, the action of the trial court in denying costs in the amount of $1,800 is affirmed in the absence of a showing of an abuse of discretion (CLS 1961, § 600.2405).

Appeal from Oakland; Ziem (Frederick C.), J. Submitted Division 2 June 8, 1965, at Lansing. (Docket No. 220.) Decided September 20, 1965. Rehearing denied October 21, 1965. Leave to appeal denied by Supreme Court January 13, 1966. See 377 Mich 697.

Action by Royal Oak Wholesale Company, a Michigan corporation, against Lola J. Ford for damages by reason of breach of lease. Judgment for plaintiff. Defendant appeals. Cross-appeal by plaintiff on issue of costs. Affirmed.

*Malcolm M. Heber,* for plaintiff.

*Arthur T. Iverson,* for defendant.

QUINN, J.  By various agreements, plaintiff had the use of a spur railroad track for its business from June 1, 1923, until the fall of 1960. Part of the spur traversed lot 1, Assessor's Plat No. 27, Royal Oak. June 1, 1955, defendant granted her nephew, Fred A. Erb, a 15-year option to purchase part of lot 1; this was recorded in Oakland county register of deeds' office on April 2, 1956. July 13, 1956, defendant conveyed part of lot 1 to plaintiff; on this part stood some of plaintiff's buildings and a portion of the spur. On the same day and as part of the same transaction, defendant leased the spur track on lot 1 to plaintiff for 20 years. At the suit of Erb, the Oakland county circuit court enforced his option by consent decree dated September 27, 1960, under which he was decreed fee title to part of lot 1. Plaintiff was a defendant and cross-complainant in this suit, but its cross-complaint was dismissed without prejudice. Sometime after September 27, 1960, Erb obstructed the spur on his land and prevented plaintiff from using it. This suit for breach of lease followed. Plaintiff had judgment in the trial court for $38,000. Defendant appeals, contending that plaintiff was on notice of the rights of Erb, inconsistent with the rights of plaintiff, and because of such notice, it was unnecessary for defendant to place an exception in plaintiff's lease; an erroneous measure was used in awarding damages; and the Erb suit to enforce the option decided all of the issues in the case at bar with prejudice. Appellant's further claim concerning an easement appurtenant is without merit except as it is included in the damage question.

Appellant poses the first question as, "Was plaintiff-appellee on notice of rights of a third party inconsistent with alleged rights of appellee?", but the only notice of rights inconsistent with alleged rights of appellee pertinent to decision here are the option

rights of Erb. There is no proof that appellee had actual notice of the option; if there is notice, it must be constructive notice arising from the recording of the option. Assuming, without so deciding, that recording of the option placed appellee on notice of the rights thereunder, what effect, if any, does this have on appellee's action for breach of lease? In *Minnis v. Newbro-Gallogly Co.* (1913), 174 Mich 635 at 639, the Supreme Court said:

"A lease is a conveyance by the owner of an estate to another of a portion of his interest for a term less than his own, for a valuable consideration, granting thereby to the lessee the possession, use, and enjoyment of the portion conveyed during the period stipulated."

In *Grinnell Bros.* v. *Asiuliewicz* (1927), 241 Mich 186 at 188, the Supreme Court said:

"There goes with every rental of premises the right of beneficial enjoyment by the tenant for the purpose for which the premises are rented, at least to the extent disclosed to the lessor at the making of the lease. Such enjoyment the landlord may not destroy or seriously interfere with in use by himself or permitted use by others of any part of the premises occupied in conjunction therewith."

By the lease, appellant assumed the obligation of furnishing appellee this possession and beneficial enjoyment. This she has not done and she is liable for breach of the lease regardless of how this Court rules on the notice question. The cases cited by appellant on this question of notice are not applicable; they all deal with title interests, not possessory interests.

In approaching the question of proper measure of damages, it must be remembered that at the time appellee purchased and leased, it had enjoyed the

use of the spur track for its business for almost 40 years. The lease was clearly for the purpose of insuring this use for another 20 years. The only value of the spur track to appellee was in connection with its business. In this respect, the use of the spur track resembles the easement involved in *Choals* v. *Plummer* (1958), 353 Mich 64. In that case, for obstructing the easement, the Supreme Court awarded to the dominant estate damages occasioned by the interference with the easement, or in lieu of such damages, the fair value of the property with the easement, conditioned on transfer of such property to defendant. In effect, that is what the trial court did here. It awarded appellee the difference in value of its property with the spur as opposed to without the spur. This is a fair and appropriate measure of appellee's loss caused by appellant's breach.

The final claim of appellant that the Erb suit to enforce option is determinative of the issues here is untenable. Not only were such issues not raised in that suit, but, if they were, they were preserved by the dismissal without prejudice.

Appellee has cross-appealed from the trial court's denial of costs in the amount of $1,800. Under CLS 1961, § 600.2405 (Stat Ann 1962 Rev § 27A.2405), the grant or denial of these costs was discretionary. Abuse of discretion is not shown.

Trial court is affirmed in all respects, with costs to appellee.

J. H. Gillis, P. J., and T. G. Kavanagh, J., concurred.