DEPARTMENT OF NATURAL RESOURCES v BOARD OF
TRUSTEES OF WESTMINSTER CHURCH OF DETROIT

Docket No. 55440. Submitted November 9, 1981, at Lansing.—Decided
March 4, 1982.

In May, 1975, the Department of Natural Resources filed a
complaint against the Board of Trustees of Westminster.
Church of Detroit and others in Ingham Circuit Court seeking
possession of land leased by plaintiff's predecessor, the Depart-
ment of Conservation, in 1925 to the defendant board of church
trustees. The lease was to run for 50 years and from year to
year thereafter for such time as the property was used for the
purposes of establishing and maintaining a camp for boys and
girls. Since 1925, Camp Westminster has been operated on the
property by the board of trustees. Plaintiff's complaint alleged
that the lease was invalid from its inception because it was a
lease by the state to a religious society for an inadequate
consideration. Alternatively, they argue that if the lease was
valid it is now terminable at the will of either party because of
the year-to-year provision. The court, Ray C. Hotchkiss, J.,
granted judgment in favor of defendants, finding that the lease
was a valid contract between the state and an ecclesiastical
corporation, that the year-to-year provision in the lease con-
ferred upon defendants a right of continuing renewal, and that
the lease was enforceable at the option of the lessee. Plaintiff
appeals. *Held:*

1. The lease agreement was based upon adequate considera-
tion and does not violate the state constitutional provisions

REFERENCES FOR POINTS IN HEADNOTES

[1] 16A Am Jur 2d, Constitutional Law §§ 466, 468, 477.
  Supreme Court cases involving establishment and freedom of reli-
    gion clauses of federal constitution. 37 LEd2d 1147.
[2] 49 Am Jur 2d, Landlord and Tenant § 1.
[3] 17 Am Jur 2d, Contracts § 96.
[4] 49 Am Jur 2d, Landlord and Tenant § 27.
[5] 17 Am Jur 2d, Contracts § 85.
[6, 7] 50 Am Jur 2d, Landlord and Tenant §§ 1168-1171.
  Right to second or perpetual renewal under provision for renewal of
    lease. 31 ALR2d 607.

that no money or property belonging to the state shall be appropriated for the benefit of any religious sect or society, theological or religious seminary.

2. The parties to the original lease intended to have the lease continue so long as the property is used as a camp for boys and girls. The trial court did not err when it found that the lease provision in question was a valid perpetual renewal lease.

Affirmed.

1. State — Religious Corporations and Associations — Leases — Constitutional Law.

The state constitution, which forbids the state from appropriating property for a religious purpose, does not prohibit the state from contracting to lease property to a religious organization for valid consideration (Const 1963, art 1, § 4).

2. Words and Phrases — "Lease".

A lease is a conveyance by the owner of an estate to another of a portion of his interest for a term less than his own, for a valuable consideration, granting thereby to the lessee the possession, use, and enjoyment of the portion conveyed during the period stipulated.

3. Contracts — Consideration.

Consideration for an agreement exists where there is a benefit on one side or a detriment suffered, or services done, on the other.

4. Landlord and Tenant — Leases — Consideration.

Consideration for a lease may be in services as well as in money.

5. Contracts — Consideration.

An equal exchange of consideration for an agreement is unnecessary as the law does not inquire into the adequacy thereof.

6. Landlord and Tenant — Leases — Perpetual Renewal Provisions.

A provision for a perpetual renewal of a lease will be given effect and enforced in the absence of a prohibitory statute although the law does not favor perpetual leases and the Court of Appeals will not construe a lease as conferring a right to perpetual renewals unless the lease clearly provides for such renewals.

7. Landlord and Tenant — Leases — Words and Phrases — "From Year to Year".

The use of the phrase "from year to year" in a renewal clause of a lease does not give the lessee the right to perpetual renewals;

however, when that phrase is coupled with a provision which requires a positive act by the lessees, a right to perpetual renewals has been found.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Frank J. Pipp* and *Russell E. Prins,* Assistants Attorney General, for plaintiff.

*Gregory E. Snow,* for defendant.

Before: M. J. KELLY, P.J., and D. E. HOLBROOK, JR., and N. J. KAUFMAN, JJ.

PER CURIAM. Plaintiff, the Department of Natural Resources, appeals a trial court decision dismissing its complaint for possession of land leased by its predecessor some 55 years ago to defendant board of church trustees.

In August, 1925, John Baird, director of the Department of Conservation (DOC), entered into a 50-year lease with defendant church trustees. The church trustees were the corporate body which managed and controlled the property and secular affairs of the Westminster Church of Detroit. The lease was for certain lake-front property in Crawford County which was to be used by the trustees to establish a camp for boys and girls. The lease provided in pertinent part:

"WITNESSETH: That the said party of the first part for and in consideration of the sum of ONE DOLLAR ($1.00) to it in hand paid by the party of the second part, the receipt whereof is hereby confessed and acknowledged, has granted, demised and LEASED unto the said party of the second part, and their successors in office, and by these presents does grant, demise and LEASE unto the said party of the second part and their successors, for the period of FIFTY (50) years and from year to year [t]hereafter for such time as the same shall

be used for the purposes hereinafter set forth, the tracts, pieces or parcels of land described as follows, to-wit:

\*   \*   \*

"[F]or the purpose of establishing and maintaining a Camp for Boys and Girls to be conducted by Westminster Church of Detroit, Michigan.

"TO HAVE AND TO HOLD the said above described land to the sole and only use, benefit and [behalf] of the said Westminster Church of Detroit for the uses herein above set forth.

\*   \*   \*

"If at any time more than two years should elapse when the said land shall not be occupied by the lessees for the purposes set forth, then and in such case the rights conveyed by said lease shall cease and all buildings and permanent structures placed thereon shall become the property of the State and the lands shall revert to the State which shall assume possession of the same without any process at law or otherwise."

Since 1925, the trustees have operated Camp Westminster on the land in question. The avowed purpose of the camp is to develop character, citizenship and physical fitness in the youth that attend the camp. Over the years, the trustees have made substantial investments by constructing buildings and making other improvements on the land. Although the trustees are the governing body of the Westminster Church of Detroit, they have always opened the camp to the public. Between 250 and 400 children attend the camp each year, and since 1948, when records began to be kept, the number of children whose families were members of the church average 38% of the children attending the camp.

In 1972, Reverend Carl Howie of the church, concerned that the original 50-year term was drawing to a close, requested the Attorney Gener-

al's opinion regarding the construction of the "year to year [t]hereafter" provision of the lease. In a private letter to Reverend Howie, the Attorney General opined that the provision conferred a right of continuing renewal so long as the land was used as a camp for boys and girls. In 1973, the Attorney General reached the same conclusion in a letter to a state legislator.

In May, 1975, plaintiff filed a complaint for possession of the land in question. The complaint alleged that the lease was invalid from its inception because it was a lease by the state to a religious society for an inadequate consideration, but that, if the lease was valid, it was terminable at the will of either party because it was a year-to-year lease. On August 26, 1980, the parties, pursuant to GCR 1963, 111.10, submitted to the trial court an "Agreement on the Lease" setting forth their agreement as to facts and the record to be considered by the court. On December 17, 1980, the trial court issued an opinion in favor of defendants. The court found that the lease was a valid contract between the state and an ecclesiastical corporation. It also found that the year-to-year provision in the lease conferred upon defendant a right of continuing renewal. The court concluded that the lease was enforceable at the option of the lessee and dismissed plaintiff's complaint. Plaintiff appeals the trial court's decision as of right, GCR 1963, 806.1.

I

On appeal, plaintiff claims that the 1925 lease was void *ab initio* because it violated Const 1908, art 2, § 3. That constitutional provision states in part:

"No money shall be appropriated or drawn from the treasury for the benefit of any religious sect or society, theological or religious seminary; nor shall property belonging to the state be appropriated for any such purpose."

This same provision appears in Const 1963, art 1, § 4.

Pursuant to MCL 450.161; MSA 21.162, the trustees of a church corporation are empowered to take and hold property. While the constitution forbids the state from appropriating property for a religious purpose, it does not prohibit the state from contracting to lease property to a religious organization for valid consideration. A lease is a conveyance by the owner of an estate to another of a portion of his interest therein for a term less than his own for a valuable consideration, granting thereby to the lessee the possession, use and enjoyment of the portion conveyed during the period stipulated. *Minnis v Newbro-Gallogly Co,* 174 Mich 635, 639; 140 NW 980 (1913), *Royal Oak Wholesale Co v Ford,* 1 Mich App 463, 466; 136 NW2d 765 (1965), *lv den* 377 Mich 697 (1966). Consideration for an agreement exists where there is a benefit on one side or a detriment suffered, or services done, on the other. *Plastray Corp v Cole,* 324 Mich 433, 440; 37 NW2d 162 (1949). The consideration for a lease may be in services as well as in money. *Shaw v Hill,* 79 Mich 86, 89; 44 NW 422 (1889). An equal exchange of consideration is unnecessary and the court does not inquire into the adequacy of consideration. *Levitz v Capitol Savings & Loan Co,* 267 Mich 92, 97; 255 NW 166 (1934).

The lease agreement between plaintiff's predecessor and defendant board of trustees states that the lease was given for $1 in consideration. The

lease further required the trustees to establish a camp for boys and girls to be run by the Westminster Church. The trustees incurred a substantial detriment by entering into the lease because they were required to expend monies to establish the camp. Furthermore, the trustees have provided a service to the State of Michigan by operating a camp which teaches the children of Michigan citizenship, character, and physical fitness. In this case, the lease agreement was based upon sufficient consideration and does not violate the provisions of Const 1908, art 2, § 3 or Const 1963, art 1, § 4.

## II

Plaintiff also argues that after the initial 50-year term the lease became a tenancy from year to year which was terminable at the will of the lessor as well as the lessee. Defendants counter by claiming that the "year to year [t]hereafter" provision makes the lease a perpetual lease. The provision for a perpetual renewal of a lease will be given effect and enforced in the absence of a prohibitory statute. *In re State Highway Comm'r,* 372 Mich 104, 109; 125 NW2d 482 (1963). However, the law does not favor perpetual leases, and this Court will not construe a lease as conferring a right to perpetual renewals unless the lease clearly provides for such renewals. *State Highway, supra,* 109, *Gould v Harley,* 215 Mich 234, 238; 183 NW 705 (1921), *Brush v Beecher,* 110 Mich 597, 602-603; 68 NW 420 (1896).

The disputed clause in this case reads, "* * * LEASE unto the said party of the second part [church trustees] * * * from year to year [t]hereafter for such time as the same [the property] shall

be used for the purposes hereinafter set forth". It is well settled that the use of the phrase "from year to year" in a renewal clause does not give the lessee the right to perpetual renewals. *Waldrop v Siebert,* 286 Ala 106, 108-109; 237 So 2d 493 (1970). However, when that phrase is coupled with a provision which requires a positive act by the lessees, a right to perpetual renewals has been found. *President and Trustees of Ohio University v Athens Livestock Sales, Inc,* 115 Ohio App 21, 22-24; 179 NE2d 382 (1961). In this case, the renewal provision is coupled with the requirement that the land be used as a camp for boys and girls. By linking this requirement with the renewal provisions, the parties have demonstrated an intention to have the lease continue so long as the property is used as a camp for boys and girls. The trial court did not err when it found that the lease provision in question was a valid perpetual renewal clause.

Affirmed.