BRIARWOOD v FABER'S FABRICS, INC

Docket No. 90857. Submitted May 6, 1987, at Lansing. Decided October 20, 1987.

On May 19, 1973, Briarwood, a Michigan partnership, entered into a lease with Faber's Fabrics, Inc., for a premises in Briarwood Mall in the City of Ann Arbor. The agreement provided that Faber's would conduct business on the leased premises for the entire term of the lease, which expired on January 31, 1984, and would pay rent and other charges set forth in the lease. In 1983, Robert G. Faber, owner of Faber's Fabrics, sought an extension of the lease. Briarwood refused to extend the lease at the same location, but offered to lease to Faber space at one of several other locations in the mall. Faber rejected the offer of other space, began withholding rent, and on October 13, 1983, abandoned the premises without Briarwood's consent. Briarwood did not lease the Faber space during the remainder of the lease term, although the empty premises was used for storage. Briarwood commenced an action in Washtenaw Circuit Court against Faber's Fabrics and Robert Faber, seeking as damages the rent and charges which had been withheld both before and after the premises had been vacated. Defendants raised the defenses of surrender, termination and constructive eviction and filed a counterclaim, alleging that over $100,000 of improvements had been made to the leased premises, that the alternative locations which had been offered were unsuitable to defendants' business and that plaintiff had wrongfully refused to renew the lease, thereby causing the failure of defendant business. Plaintiff moved for summary disposition on its claim and also moved for summary disposition on defendant's counterclaims. Defendants moved for sum-

REFERENCES

Am Jur 2d, Appeal and Error § 1024.

Am Jur 2d, Landlord and Tenant §§ 176 *et seq.*; 1094 *et seq.*

Am Jur 2d, Pleading § 26.

Commercial leases: application of rule that lease may be canceled only for "material" breach. 54 ALR4th 595.

Award of damages or costs under 28 USCS § 1912 or Rule 38 of Federal Rules of Appellate Procedure, against appellant who brings frivolous appeal. 67 ALR Fed 319.

mary disposition on their counterclaims. The trial court, Ross W. Campbell, Jr., J., granted plaintiff's motions for summary disposition and denied defendants' motion. Plaintiff moved for expenses to be imposed as sanctions on the basis that defendants' claims in the trial court were frivolous. The trial court did not address the question of whether to impose sanctions. Defendants appeal from the grant of plaintiff's motions for summary disposition. Plaintiff cross-appeals from the failure of the trial court to grant expenses under its power to impose sanctions.

The Court of Appeals *held:*

1. The trial court properly granted summary disposition in favor of plaintiff on its claim for the unpaid rent, since none of the defenses raised by defendants are of any merit. Defendants failed to plead any facts which would support the claimed defenses of surrender, termination or constructive eviction.

2. Defendants' counterclaim for breach of contract and interference with business relations was without merit in that the defendants failed to plead or show a valid legal basis upon which a court could find that there was any action on plaintiff's part from which an intent to allow renewal of the lease could be found. Accordingly, the trial court properly granted summary disposition in plaintiff's favor on defendants' counterclaim.

3. The court rules provide that sanctions shall be imposed where a party or his counsel fail to make reasonable inquiry as to whether a pleading is well-grounded in fact and warranted by existing law or a good-faith extension, modification or extension of existing law. The pleadings filed by defendants were so lacking in merit that sanctions should have been imposed. The matter is remanded to the trial court for determination of the proper amount of sanctions.

4. Plaintiff is also entitled to expenses, including attorney fees, incurred in defending this vexatious appeal in the Court of Appeals.

Affirmed in part and remanded.

1. LANDLORD AND TENANT — LEASES — SURRENDER OF LEASE — ABANDONMENT OF PREMISES.

The defense of surrender in an action to enforce a lease is not established by merely showing that the lessee abandoned or vacated the premises; rather, that defense requires proof that there existed a mutual agreement between the lessor and the lessee whereby each released the other of the respective obligations under the lease.

2. Landlord and Tenant — Leases — Renewal of Leases — Public Policy.

The public policy of Michigan is to construe leases as not granting a right to renew unless there is specific language in a lease evidencing an intent to confer a right of renewal.

3. Pleading — Unwarranted Claims — Sanctions — Court Rules.

The Michigan Court Rules now provide for an award of sanctions against both a party and that party's counsel for not making reasonable inquiry as to whether a pleading is well-grounded in fact and warranted by either existing law or by a good-faith argument for extension, modification or reversal of existing law; sanctions may be awarded without regard to whether a party or the party's counsel filed the pleadings for an improper purpose (MCR 2.114).

4. Appeal — Vexatious Appeals — Sanctions — Court Rules.

Sanctions for taking a vexatious appeal are appropriate where the appeal is taken without any reasonable basis for a belief that there is a meritorious issue to be determined on appeal (MCR 7.216[C][1][a]).

*Miro, Miro & Weiner* (by *Samuel C. Damren* and *Bruce L. Segal*), for plaintiff.

*Raymond F. Clevenger,* for defendants.

Before: Weaver, P.J., and M. J. Kelly and J. R. Kirwan,* JJ.

Per Curiam. Defendants appeal as of right from the Washtenaw Circuit Court's order granting plaintiff's motion for summary disposition on the basis of MCR 2.116(C)(9) and (10). Defendants further appeal as of right from an order granting plaintiff's motion for summary disposition as to defendants' counterclaim on the basis of MCR 2.115(B) and 2.116(8) and (10). Plaintiff appeals as of right from the court's denial of sanctions allowable under MCR 2.114(E), and further requests expenses incurred on appeal allowable under MCR

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

7.216(C)(1)(a). We affirm the orders of summary disposition as to plaintiff's claim and defendants' counterclaim. We further order defendant to pay plaintiff's expenses, remanding to the trial court for determination of the amount of sanctions.

I

This suit arises from a ten-year lease agreement dated May 29, 1973, between plaintiff, Briarwood, and defendant Faber's Fabrics, owned by defendant Robert G. Faber, for premises located at Briarwood Mall in Ann Arbor, Michigan. The agreement provided that Faber was to conduct business on the leased premises for the entire term of the lease and was to pay rent and other charges set forth in the lease. The lease was to expire on January 31, 1984.

In 1983, when Faber sought an extension of the lease, Briarwood refused to extend the lease at the same location. However, Briarwood offered to let Faber continue occupancy at one of several other locations in the mall. Faber rejected these offers. Instead, Faber began withholding rent and, on October 13, 1983, abandoned the premises without Briarwood's consent. Briarwood did not lease the space to another tenant during the three and one-half months remaining on Faber's lease, but did use the empty premises for storage.

On January 31, 1984, Briarwood filed a complaint against the individual and corporate defendants, seeking $12,413.12 in unpaid charges owed by the corporate defendant at the time it vacated the premises, plus $22,412.27 in accrued rent and other charges for the period following the vacation of the premises through the end of the lease term. Defendants counterclaimed, alleging that over $100,000 had been expended for improvements to

the leased premises, that the alternate locations offered by Briarwood were unsuitable to defendants' business, and that Briarwood had wrongfully refused to renew the lease, thereby causing the failure of defendant business.

The trial court granted partial summary disposition in favor of Briarwood on the issue of defendants' liability for rent and damages under the lease, but denied its motion as to amount of damages until resolution of the issues of mitigation and setoff. The trial court also granted summary disposition to Briarwood on defendants' counterclaim. The trial court's opinion did not address Briarwood's motion for expenses obtainable as sanctions under MCR 2.114(E). Defendants appeal as of right from summary disposition granted in favor of Briarwood on defendants' counterclaim. Briarwood appeals as of right from the trial court's denial of sanctions and also requests expenses incurred on appeal pursuant to MCR 7.216(C)(1)(a).

II

Defendants argue that Briarwood's refusal to extend the lease constituted constructive eviction, that the vacation of the premises constituted a surrender of the premises or termination of the lease, and that, therefore, the trial court erred in granting Briarwood's motion for summary disposition. We disagree.

The trial court granted Briarwood's motion for summary disposition on the basis of MCR 2.116(C)(9) and (10).[1] In deciding a motion brought

---

[1] MCR 2.116(C)(9) provides that a motion for summary disposition may be granted where the opposing party fails to state a valid defense. MCR 2.116(C)(10) provides that, where there is no genuine issue of material fact except as to damages, the moving party is entitled to judgment as a matter of law.

under MCR 2.116(C)(9), only the pleadings may be considered. MCR 2.116(G)(5). On appeal, the trial court's findings of fact will not be set aside unless clearly erroneous. MCR 2.613(C).

In deciding a motion brought under MCR 2.116(C)(10), the trial court is to consider affidavits, pleadings, depositions, admissions, and documentary evidence. MCR 2.116(G)(5). The adverse party must make some showing by opposing affidavit, testimony, depositions, admissions, or documentary evidence that there exists a genuine issue for trial. MCR 2.116(G)(4). *Bennington Twp v Maple River Inter-Co Drain Bd,* 149 Mich App 579, 584-585; 386 NW2d 599 (1986). The trial court should not grant the motion where, giving the benefit of reasonable doubt to the opposing party, it appears that such an issue exists. *Brooks v Reed,* 93 Mich App 166, 170; 286 NW2d 81 (1979).

We find no error in the trial court's granting of summary disposition under MCR 2.116(9) or (10). The parties agreed that the lease required defendants to pay rent and perform other obligations for the full ten-year term, that defendants vacated the premises before the lease expired, that defendants had been withholding rent before vacating the premises, and that defendants paid no rent after vacating. These facts establish defendants' liability under the lease.

Nor were defendants' defenses of surrender, termination and constructive eviction supported by the facts. Surrender of a lease goes beyond merely vacating or abandoning the premises and requires mutual agreement. *Pyle v Orzell,* 350 Mich 298, 303; 86 NW2d 163 (1957). Mutual agreement clearly did not exist in this case. Briarwood showed no intention of releasing Faber from its obligations, having rejected defendants' request to surrender the store for the remainder of the lease.

The lease specifically provided that, in case of default, Briarwood could reenter and relet the premises on defendants' behalf while continuing to hold defendants liable for any rental shortfall. Hence Briarwood's storage use of the premises was not an implicit acceptance of surrender since, even had Briarwood relet the premises, rent paid by the new tenant would have only mitigated Briarwood's damages.

Similarly, Briarwood's refusal to extend the lease and defendants' abandonment did not act as a termination. Briarwood specifically rejected defendants' offer to terminate the lease for a settlement sum, and the lease provided that Briarwood's reentry would not be construed as termination of the lease unless Briarwood so notified defendants in writing. As Briarwood never notified defendants to this effect, termination did not occur.

Finally, Briarwood's acts did not amount to constructive eviction,[2] since defendants alleged no fact or action by Briarwood which would constitute such eviction. On the contrary, defendant Robert Faber admitted in deposition that Briarwood had denied no legal benefits of tenancy and had done nothing to cause an early abandonment of the premises.

Therefore it was not clearly erroneous for the trial court to find that, while Briarwood's storage use of the premises prevented it from charging defendants full rent, such use did not act as a termination or acceptance of surrender and that none of defendants' alleged defenses were supported by the facts.

---

[2] Constructive eviction is defined as a landlord's act which deprives the tenant of beneficial enjoyment of the premises to which he is entitled under the lease, causing the tenant to abandon the premises. 49 Am Jur 2d, Landlord & Tenant, § 576, p 553.

### III

Defendants also argue that the trial court erred when refusing summary disposition under MCR 2.116(C)(8)[3] and (10) on their counterclaim of breach of contract and tortious interference with business relations. A motion for summary disposition under MCR 2.116(C)(8) is tested by the pleadings alone in order to determine the legal basis of the complaint and may be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recover. *Harrison Twp v Calisi,* 121 Mich App 777, 781-782; 329 NW2d 488 (1982). See also *Allinger v Kell,* 102 Mich App 798, 806-807; 302 NW2d 576 (1981), modified on other grounds 411 Mich 1053; 309 NW2d 547 (1981). Here, defendants' counterclaim was so clearly unenforceable as a matter of law that no factual development could possibly have justified a right to recover. Hence it was Briarwood, not defendants, which was entitled to summary disposition, and the trial court did not err in so holding.

The public policy of Michigan is to construe leases as not granting a right of renewal; a lease will not confer such right absent specific language to this effect. *DNR v Bd of Trustees of Westminster Church of Detroit,* 114 Mich App 99, 105; 318 NW2d 830 (1982). Defendant Robert Faber alleged that Briarwood led him to believe that so long as defendant Faber's Fabrics was a good tenant, the only limitation on renewal was renegotiation of rent and incidentals. However, defendants produced no evidence of these representations or of a tacit agreement. Newspaper clippings and affida-

---

[3] MCR 2.116(C)(8) provides that summary disposition may be granted where the opposing party fails to state a claim on which relief can be granted.

vits of Ann Arbor zoning commission members say nothing of the right to renew a lease; but, even if a tacit agreement did exist between Briarwood and the zoning commission, it was superseded by express provisions of the lease agreement signed by the parties. See *Mid America Management Corp v Dep't of Treasury,* 153 Mich App 446, 459; 395 NW2d 702 (1986). The lease unambiguously specified a term of years and contained no provision granting a right of renewal. Defendant Robert Faber testified in deposition that the parties never discussed renewal. Hence the trial court properly dismissed defendants' counterclaim for lack of legal basis and for lack of a genuine issue except as to damages.

IV

Briarwood argues that the trial court erred in failing to award its reasonable expenses pursuant to MCR 2.114(E), including attorney fees, incurred in defending defendants' counterclaim and, further, requests an award of such expenses as were incurred on appeal.

MCR 2.114, based on the 1983 amendment to FR Civ P 11, covers the signing of papers and the imposition of sanctions for unwarranted allegations or denials, providing much tougher sanctions for abuse of the pleading process than prior amendments. *Fisher v Detroit Free Press, Inc,* 158 Mich App 409; 404 NW2d 765 (1987). The rule provides for an award of sanctions against both a party and his counsel for not making reasonable inquiry as to whether a pleading is well grounded in fact and warranted by either existing law or a good-faith argument for extension, modification or reversal of existing law. Sanctions may be awarded

without regard to whether a party or his attorney filed the pleadings with an improper purpose.[4]

Under the predecessor rule, GCR 1963, 111.6, this Court has upheld the trial court's assessment of costs, including attorney fees, against a defendant on the basis that the defendant's denial of factual allegations in the complaint was unreasonable when he knew them to be true and later testified to that effect. *Gilroy v Conway,* 151 Mich App 628, 639-640; 391 NW2d 419 (1986).

In addition, the language of the rule is identical to the federal rule which served as its model. In construing FR Civ P 11, the federal courts have looked to the Advisory Committee Notes for the 1983 amendments. *Olga's Kitchen of Hayward, Inc v Papo,* 108 FRD 695, 702 (ED Mich, 1985). *Continental Air Lines v Group Systems Int'l Far East, Ltd,* 109 FRD 594, 596 (CD Cal, 1986). The language of the rule was intended to encourage imposition of sanctions against a litigant who acts in bad faith in instituting or conducting litigation, taking into account the attorney's or party's actual or presumed knowledge when the pleading or other paper was signed. Advisory Committee Notes, *supra.*

In contrast to its predecessor rule, FR Civ P 11 is mandatory in that the court "shall," upon finding a violation of the rule, impose sanctions liberally to deter abusive litigation tactics and reduce the filing of frivolous claims. *Watch What Devel-*

---

[4] MCR 2.114(E) provides:

(E) Sanctions for Violation. If a pleading is signed in violation of this rule, the court, on motion of a party or on its own initiative, *shall impose* upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees. [Emphasis added.]

*ops Franchise Concepts, Inc v Par Five, Inc,* 110 FRD 243, 244 (ND Ohio, 1985). See also *Monarch Ins Co of Ohio v Ins Corp of Ireland, Ltd,* 110 FRD 590, 593 (SD NY, 1986). Also in contrast to its predecessor is the rule's application of an objective standard of reasonableness, since prior to the amendment courts would only award attorney fees on a finding that the attorney acted for vexatious or oppressive reasons in bad faith. *Monarch Ins Co, supra* at 593. The new rule, however, explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of the pleading before it is signed. *Eastway Construction Corp v City of New York,* 762 F2d 243, 253 (CA 2, 1985). This inquiry must extend to both law and fact. *Continental Air Lines, supra* at 596.

In this case, defendants' counterclaim had no support either in law or in fact and provided no good-faith argument for an extension of existing law. Although the counterclaim alleged that plaintiff had caused defendant Faber's Fabrics to go out of business by breaching an agreement to renew or extend the lease, defendant Robert Faber admitted in deposition that the parties never discussed renewal of the lease, and defendants' argument that the public policy of Ann Arbor grants a right of renewal is meritless. Upon reasonable inquiry into the law applicable to this case, defendants' attorney would have discovered that Michigan's settled law and public policy would not imply a right to renewal, but, contrariwise, would actually defeat defendants' arguments. See *National Survival Game v Skirmish, USA, Inc,* 603 F Supp 339, 342 (SD NY, 1985).

Because MCR 2.114 does not require this Court to find that defendants' counterclaim was filed for

improper purposes, it is sufficient that we find its unreasonableness, objectively considered, violates the rule. Therefore we hold that the trial court erred in failing to grant Briarwood's motion for sanctions, and we remand for a finding as to the proper amount.

Regarding Briarwood's request for expenses and attorney fees pursuant to MCR 7.216(C)(1)(a), we note that the rule is similar to MCR 2.114, allowing this Court to assess actual and punitive damages against one bringing a vexatious appeal. Defendants' arguments to the trial court were meritless and, being identical, are equally so on appeal. Because defendants filed their appeal without any reasonable basis to support a meritorious issue, we grant to Briarwood its expenses, including attorney fees, incurred in defending this appeal. *Fisher, supra.* The amount of said expenses shall be determined by the trial court on remand. *Id.;* MCR 7.216(C)(2).

Affirmed in part, and remanded to determine sanctions. Costs and expenses to plaintiff on appeal.