Field *v.* Higgins.

---

## FIELD & al. *versus* HIGGINS.

Under the statute giving the process of Forcible Entry and Detainer of "lands and tenements," a tenement includes, as one of its essential elements, an interest in real estate.

A building, standing upon the land of another by his consent, is property merely personal.

---

Field *v.* Higgins.

---

For the recovery of such property, the process of Forcible Entry and Detainer cannot be maintained.

ON REPORT from *Nisi Prius*, RICE, J., presiding.

FORCIBLE ENTRY AND DETAINER.

The respondent owned a building, the upper part of which was used for the residence of a family, and the lower part for a mechanic's shop, standing upon land of one Holland. He employed the complainants to remove it to land of the Lewiston Water Power Company. They accordingly removed it, having made upon it such trifling repairs as were necessary to fit it for the removal; after which they made such further repairs upon it as to fit it for occupation. For these services, charged at $37, they claimed a lien upon it. To perfect that lien they seasonably attached it, and obtained judgment and execution. Upon that execution, the building was sold by the officer at auction to the complainants. After that purchase, they gave to the respondent written notice to quit, which he refused to do. About six months after that notice, they instituted this process of Forcible Entry and Detainer, complaining that the respondent " having had peaceable and lawful entry into the lands and tenements, viz. a messuage of the complainants', situated," &c. " whose estate in the premises was determined, then did and still does refuse to quit the same, although the complainants gave to him due notice in writing, thirty days," &c.

The case was submitted to the Court for such adjudication as " law and justice should require."

*H. C. Lowell*, for the complainants.

*Ludden*, for the respondent.

Many points were presented and supported by the respective counsel.

Among other things, Ludden contended that this process cannot lie, as the building in question was property merely personal.

*Lowell*, in reply. —

The question is not whether the process lies for the possession of personal property, for the complaint alleges the

unlawful detention of the plaintiffs' "*tenement.*" The statute gives this remedy for " any lands or tenements." Is it then a misnomer, to call this building, (occupied, the lower part for a shop, the upper part for a dwellinghouse,) a tenement ? *In common parlance,* the term tenement imports not only a separate building, but any distinct section of a block of stores, shops or dwellinghouses. *In the law,* its import is more comprehensive, including all the right, title and interest as appertaining to any of such buildings ; upwards and downwards, including light, air and easements, with right of ingress, regress and the like. Such is the species of property for which this form of remedy is provided. That the tenement should stand upon the land of another by his consent, is wholly an immaterial matter.

HATHAWAY, J. — Process for forcible entry and detainer of a building, which had been moved, by the defendant, on to the land of the Lewiston Water Power Company, where it was taken on execution, as the defendants' personal property, and as such purchased by the plaintiffs, at the sheriff's sale thereof, 19 July, 1851.

The first question presented by the case, is whether or not this process can be maintained to recover possession of personal property.

If the building were not personal property, the plaintiffs acquired no title to it, by their purchase of the sheriff, for *as such,* acting under his statute authority he sold it to them. If it were personal property, and they acquired a lawful title to it, and the defendant wrongfully withheld it from them, they might have maintained replevin for it, or trover for its value. *Russell* v. *Richards et al.* 1 Fairfield, 429. " Lands and tenements," only, are the subjects of this process, R. S. c. 128, and the argument of the counsel for the complainants assumes that the building was a *tenement* within the meaning of the statute.

The word *tenement,* in its legal sense, means an estate in land, or some estate or interest, connected with, pertaining to,

or growing out of the realty, of which the owner might be dissiezed. Hence, in an indictment for forcible entry and detainer, it was necessary to allege a disseizin. *Rex* v. *Dorny,* 1 Salk. 260. But disseizin is not a term applicable to property merely personal.

"Real estate consists of lands, tenements, and hereditaments. A *tenement* comprises every thing, which may be holden, so as to create a tenancy in the *feudal sense* of the word." 3 Kent's Com. 401.

There can be no doubt, that an interest in real estate is an essential element of the definition of the word "tenements," as used in the statute. Inst. 6 A. 19 and 20. And the building as claimed to be owned by the complainants, being property entirely personal, this process cannot be maintained, and a nonsuit must be entered.

SHEPLEY, C. J., and WELLS, HOWARD and RICE, J. J., concurred.