MINNIS *v.* NEWBRO-GALLOGLY CO.

1. LANDLORD AND TENANT—LEASE—WORDS AND PHRASES.

A lease is a conveyance by the owner of an estate to another of a portion of his interest for a term less than his own, for a valuable consideration, granting thereby to the lessee the possession, use, and enjoyment of the portion conveyed during the period stipulated.

2. SAME—COVENANTS—STATUTES—IMPLIED COVENANTS.

A lease of the upper three stories of a building is within the provisions of 3 Comp. Laws, § 9959 (4 How. Stat. [2d Ed.] § 10821), abolishing implied covenants in conveyances of real property; a covenant of the lessor to repair the premises after damage by fire originating in the part of the building not occupied under the lease, will not be implied.

3. SAME—COVENANTS.

Accidental injury to premises by fire or other natural causes, which might interfere with the lessee's enjoyment, does not constitute a breach of the covenant for quiet enjoyment.

4. SAME—INJUNCTION—RESTRAINING EVICTION.

But equity will enjoin the landlord from evicting from such premises the lessee who has paid accrued rentals and tenders into court the sums falling due under the lease, and will restrain a threatened attempt to tear down and destroy the building leased, even if the bill does not aver that irreparable damage would result to complainant, since the threatened acts amount to a breach of the covenant for quiet enjoyment.

Appeal from Wayne; Hally, J.    Submitted November 11, 1912.    (Docket No. 162.)    Decided April 8, 1913.

Bill by Robert P. Minnis against Newbro-Gallogly Company for an injunction against breach of a lease and other equitable relief.    From an order sustaining a demurrer to the bill, complainant appeals.    Reversed.

*McHugh, Gallagher & McGann,* for complainant.

*Henry C. Walters,* for defendant.

STEERE, C. J.  This suit comes here on appeal taken from a decree of the Wayne county circuit court, in chancery, sustaining defendant's demurrer to complainant's bill, filed to obtain an injunction restraining defendant from attempting to evict complainant from certain premises and from tearing down or destroying the building thereon, to compel specific performance of a contract of leasing, and to recover damages for violating the same.

Defendant is the owner of a four-story building located at No. 132 Michigan avenue, in the city of Detroit, having purchased the same on the 2d day of June, 1911, from its previous owners, who had, on the 18th day of August, 1908, leased the second, third, and fourth stories of said building to one William H. Allen for the term of nine years, at a fixed monthly rental. This lease was assigned by said Allen, on May 1, 1909, to complainant, who took possession of and has since occupied the said three stories so leased.

On the 22d day of January, 1912, a fire originated on the ground floor of said building, which was not occupied by complainant nor included in his lease, and from there communicated to the portion of the building covered by the lease and occupied by him. It is charged in complainant's bill that said fire " caused much and serious damage thereto and rendered the same untenantable;" that the rent was payable monthly, and on the next rent day after the fire defendant demanded its rent, which was paid by complainant, since which time complainant has always not only been ready and willing to pay his rent as it fell due, but has, in fact, regularly tendered and paid to defendant all sums falling due under said contract of lease, which have been accepted from complainant by defendant—complainant also offering to bring and to pay into court any sums which may fall due from time to time under the lease and deposit the same with the register of the court, to be paid defendant on performance of the contract of lease on its part. The bill states further:

"Thereafter demand was made upon said defendant by your orator that said premises be restored to a tenantable condition. Such demand the said defendant has utterly refused and failed to comply with, and, on the contrary, said defendant has expressly declined so to do."

That complainant also requested defendant to repair the damage caused by said fire and by the wear and tear upon the building, which was refused. That defendant thereupon threatened to declare complainant's tenancy terminated, eject complainant from the premises, and tear down the same. The prayer for relief asks that defendant be compelled to make the repairs rendered necessary by said fire and by reasonable wear and tear of said building; that an injunction be issued restraining defendant from ejecting complainant and terminating his tenancy and from tearing down said building; and that it be decreed to pay complainant damages by reason of its failure to perform said contract of lease on its part.

Defendant demurred to complainant's bill, on the grounds, briefly stated, that the lease, a copy of which is attached to and made a part of said bill, imposes no obligation on defendant to repair the premises, under the facts alleged in the bill; that under the facts alleged no obligation rested on defendant, either to repair said premises, or place them in tenantable condition; that the bill does not allege that complainant would suffer irreparable injury if defendant should carry out its alleged threat to tear down and destroy the property described in said lease; that under the allegations in the bill complainant is not entitled to relief by injunction as prayed; that complainant's bill does not set forth facts which constitute a ground for equitable jurisdiction; that under the allegations complainant is not entitled to any damages in a court of equity, and has not stated facts in said bill which entitle him to any relief. This demurrer was sustained, upon the ground that section 8959, 3 Comp. Laws (4 How. Stat. [2d Ed.] § 10821), construed in the light of *Lieberry*

*thal* v. *Montgomery*, 121 Mich. 369 (80 N. W. 115), is controlling.

The lease in question extended to August, 1917, and, as already stated, only covered the second, third, and fourth stories of the building in question. The total rental was $7,300, payable $60 monthly in advance for the first four years, and $75 monthly in advance for the last five years. By its terms the lessee contracted, during the life of his lease—

"To keep said premises and every part thereof in as good repair and, at the expiration of the term, yield and deliver up the same in like condition as when taken, reasonable use and wear thereof and damage by the elements excepted."

The instrument concluded with the usual covenant for peaceable and quiet enjoyment during the term for which it runs, in case the lessee complies with its requirements, but contains no express covenants by the lessor to repair or rebuild, in case of partial or total destruction by fire or otherwise.

The questions involved in this contention are: *First*, Does this contract of lease, covering only the second, third, and fourth stories of a four-story building, operate to convey any interest in "real estate" as contemplated by the terms of said section 8959? *Second*, If it does not convey an interest in real estate, does such a contract by its terms obligate the lessor to repair damage occasioned by accidental fire not originating in the stories covered by it, and for which the lessee is in no way responsible? *Third*, Does the bill of complaint in this case by its allegations make out a proper case for injunction?

Section 8959, 3 Comp. Laws (4 How. Stat. [2d Ed.] § 10821), provides:

"No covenant shall be implied in any conveyance of real estate, whether such conveyance contain special covenants or not."

Subdivision 9 of section 50, 1 Comp. Laws, relative to construction of statutes of this State, says:

"The word 'land' or 'lands' and the words 'real estate' shall be construed to include lands, tenements and real estate, and all rights thereto and interests therein."

The instrument under consideration, by express language, does "lease" described "premises" in consideration of "rents," etc. It establishes the relation of landlord and tenant, and is a lease of premises. A lease is a conveyance by the owner of an estate to another of a portion of his interest therein for a term less than his own for a valuable consideration, granting thereby to the lessee the possession, use and enjoyment of the portion conveyed during the period stipulated.

It is the claim of the complainant that this lease is not within the statute prohibiting implied covenants, because it only covers the three upper stories of the building, would have terminated had those stories been totally destroyed by fire (*Shawmut Nat. Bank* v. *City of Boston*, 118 Mass. 125), and conveyed no interest in real estate. That an implied covenant to rebuild or repair in case of destruction or impairment by fire, or other unusual or extraordinary causes beyond those naturally inferable from the lessee's agreement to keep in good repair, is manifest from the instrument, taken as a whole, and enforceable in a bill for specific performance.

We think the conclusion unavoidable that this lease conveyed to the lessee "rights" and an interest in "tenements," which the words "real estate" must be considered to include under the terms of the statute. Many definitions are given to "tenement." It is a word of varied meaning. Counsel for complainant contends that it applies only to some interest in the land itself, and not to an interest in a portion of a building, quoting from *Field* v. *Higgins*, 35 Me. 339:

"Tenement, in its legal sense, means an estate in land, or some estate or interest connected with, pertaining to, or growing out of the realty, of which the owner might be disseised."

The building of which complainant held a lease of a por-

tion was connected with, pertained to, and was a part of, the real estate on which it stood. It was a tenement—property held by a tenant.

"This term, in its vulgar acceptation, is only applied to houses and other buildings, but in its original, proper and legal sense it signifies everything that may be holden, provided it be of a permanent nature, * * * is applicable not only to lands and other solid objects, but also to offices, rents, commons, advowsons, franchises, peerages, etc., * * * is a word of greater extent than 'land,' including not only land, but rents, commons, and several other rights and interests issuing out of or concerning land." Black's Law Dictionary.

In *Lieberthal* v. *Montgomery*, *supra*, plaintiff had leased the south storeroom on the ground floor of a two-story building, to be occupied for a general store. A fire, without fault of either party, damaged the building, and the room occupied by plaintiff was rendered thereby untenantable. There was no covenant in the lease on the part of the landlord to repair. It was there said:

" The general rule is well settled that when the tenant covenants to pay rent, and does not provide against liability in case of destruction of the premises by fire or other casualty, he is bound, in the absence of statutory provisions or covenant on the part of the landlord to rebuild, to pay the rent "—citing numerous cases.

The bill does not charge in this case that the building was totally destroyed by fire, but that serious damage was done to it, rendering it untenantable. In *Bowen* v. *Clemens*, 161 Mich. 493 (126 N. W. 639, 137 Am. St. Rep. 521), it is held that accidental injury to premises by fire or other natural causes which may seriously interfere with the lessee's enjoyment of the same do not constitute a breach of covenant for quiet enjoyment.

There being no express covenant in this lease, on the part of defendant, to repair the premises, and the statute referred to precluding, in our opinion, any inquiry as to whether or not a proper construction of the instrument might imply one, it follows that no relief in damages for

breach or for specific performance could be granted, under the allegations and averments in complainant's bill.

Defendant's counsel contend that no relief by injunction can be granted complainant, for the reasons that the bill does not specifically allege irreparable injury, nor state facts from which the same can be inferred, and equity has no jurisdiction to enjoin proceedings to eject a tenant from leased premises.

It is alleged in the bill that complainant has complied with the terms of the lease which he holds, that he has paid all rent demanded by defendant, and he tenders to the court such sum or sums as may henceforth fall due for rent under said lease. At the time of rendering the decree appealed from, the court found and stated: "The complainant has paid the rental due into court." The bill charges in positive language that defendant has threatened to tear down and utterly destroy the building, eject complainant, and terminate the tenancy, and complainant fears such threats will be executed, unless restrained by the court. The demurrer, from its character as a pleading, necessarily admits these facts to be true.

The bill does not, *in hæc verba*, state irreparable injury would result. A bare assertion of the opinion or fears of complainant would add little to the pleading. If alleged specifically a court would not act on the same without a statement of facts to support them. Irreparable injury means that the injury would be a material one, in its nature serious and grievous, and such that it is extremely difficult or impossible to definitely ascertain the resulting damages and adequately make just reparation. Should defendant, as it is alleged it has threatened to do, tear down and utterly destroy the building, dispossess complainant, and eject him from the premises, such acts, even with those unlearned in the law, would naturally give rise to an impression, approximating a conviction, that defendant's covenant of quiet and peaceable enjoyment had been violated to the material injury of complainant.

Under the facts stated, we think such an injury, continuing and spread over the life of the lease as it must be, is so serious and grievous in its nature, so difficult of ascertaining justly the resulting damages and adequately making reparation therefor, as to come within the purview of irreparable injury and confer upon the court of chancery jurisdiction to enjoin the same.

While counsel's contention that equity has no jurisdiction to begin proceedings to eject a tenant from leased premises is supported by authority as a general proposition applicable to the usual remedies provided for landlords to collect rent and recover possession of premises in case of nonpayment or other alleged violations of the tenancy, wherein the nature of the proceedings is such that adequate opportunity is open to the tenant to make defense, yet, where fraud, mistake, irreparable or continuing injury, or other special conditions, are alleged, wherein the proceedings at law, on account of their universality, or for other equitable reasons, are deficient to give prompt and full relief, equity may and does take jurisdiction and grant relief.

We think complainant has stated such a case in his bill as, if sustained at the hearing, entitles him to equitable relief by injunction. In this view of the case it follows that the demurrer to complainant's bill, as an entirety, must be overruled.

The decree of the circuit court sustaining said demurrer and dismissing complainant's bill is reversed, with costs to complainant.

MOORE, MCALVAY, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.